UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2006[*]
Decided May 11, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 05-3442

| | |
|---|---|
| MICHAEL D. SAVICKAS,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>ROGER WALKER and JESSE<br>MONTGOMERY,<br>    *Defendants-Appellees.* | Appeal from the United States District<br>Court for the Northern District of<br>Illinois, Eastern Division<br><br>No. 05 C 259<br><br>Paul E. Plunkett,<br>*Judge.* |

**ORDER**

Michael D. Savickas filed suit under 42 U.S.C. § 1983 challenging his placement on electronic detention (ED) as a condition of the term of supervised release he was serving for an Illinois conviction. Savickas claimed that the ED condition constituted ex post facto punishment and violated his right to due process, and that it was imposed in retaliation for his activities as a jailhouse lawyer. In

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

dismissing the suit, the district court suggested that it would be barred by previous actions brought by Savickas on the same grounds, but ultimately the court rested its decision on *Heck v. Humphrey*, 512 U.S. 477 (1994). We affirm.

Savickas was released from state prison in 2004 and began serving a term of mandatory supervised release. 730 ILCS 5/3-3-3(c). As a condition of that release, the Prisoner Review Board placed him on ED so that his movements could be monitored by his parole officer. 730 ILCS 5/5-8A-3(f). Savickas filed his first suit challenging the supervised release and its terms under § 1983 in April 2004. The district court dismissed this suit on the ground that Savickas was challenging the fact of his confinement, and therefore his suit should have been brought under the habeas-corpus statute. Savickas filed a petition for habeas corpus in January 2005, but the district court concluded that the petition was successive to an earlier petition challenging Savickas's underlying conviction and therefore had to be dismissed because Savickas never sought permission from us to file a successive petition for habeas corpus. Savickas did not appeal this dismissal. Indeed, even before it was entered he already had filed the § 1983 suit now before this court. The defendants, citing the dismissal of Savickas's prior § 1983 action, moved to dismiss the new suit as barred by *res judicata*. The district court ruled in the defendants' favor but principally relied on *Heck*.

Savickas makes no serious argument contesting the district court's conclusion that *Heck* bars his suit. *Heck* prevents plaintiffs from seeking damages for a criminal conviction or sentence without first showing that the conviction or sentence has been reversed on appeal, expunged by executive order, or declared invalid by a state tribunal or a federal court in a habeas corpus proceeding. 512 U.S. at 486-87. The ED condition is part of Savickas's sentence, and Savickas has not shown that it has been reversed, expunged, or otherwise declared invalid. Therefore, by challenging the ED condition in a § 1983 suit, Savickas is attempting to do exactly what *Heck* prohibits. *See Williams v. Wisconsin*, 336 F.3d 576, 579-80 (7th Cir. 2003) (quoting *Drollinger v. Milligan*, 552 F.2d 1220, 1225 (7th Cir. 1977)) (explaining that conditions of parole "'define the perimeters of'" confinement and thus challenges to particular conditions must be brought as habeas corpus petitions and not as civil suits under § 1983).

Savickas says for the first time in his appellate brief that his parole officer removed the ED equipment from his house in June 2005—a few weeks before the district court dismissed his case. Had the Prisoner Review Board actually rescinded the ED condition, the district court's *Heck* analysis might have been undermined. *See Muhammad v. Close*, 540 U.S. 749, 755 (2004) (per curiam). But all Savickas says is that his parole officer removed the ED equipment from his house. This shows that the ED condition was not being enforced at least temporarily, but it does not show that the condition was eliminated.

For the foregoing reasons, we AFFIRM the decision of the district court.